The judgment of the court was pronounced by
Rost, J.
Louis Pilié, by his agent, and Elisé Léon Bernard, as testamen *119 tary executors of Hillisberg, had filed in the course of their administration provisional tableaux, which were homologated without personal notice to the heirs. In July, 1849, they filed a sixth account, and prayed that after the usual advertisements it might be approved and homologated. Their petition was signed by Le Gardeur, attorney for Pilié, and P. A. Bernard, attorney for E. L. Bernard.
The usual publications were made, but before the expiration of the legal delays Louis Pilié, through his agent, made opposition to the homologation of his own tableau, and prayed that the heirs of the deceased might be served with copies of it, and notified to show cause why the tableau should not be approved and homologated, and the funds distributed in accordance therewith. Bernard, the other co-executor, did not join in this application, and insisted for the homologation of the tableau as prayed for in the original petition. At this stage of the proceedings the court ordered the tableau to be homologated so far as not opposed.
The course pursued by Pilié has given rise to infinite confusion and difficulty. But it is only necessary to state that the heirs appeared and excepted to the right of Pilié to make them parties to the proceedings in this form, and that he has appealed from the judgment sustaining the exception.
The will of Hilligsberg is not in the record; and we have no means of ascertaining whether the executors are assigned separate duties by it. They appeared before the court as joint executors, and united in the prayer of the original petition; the subsequent separate action of Pilié and his opposition to the homologation of his own tableau are subversive of all rules of practice, and totally inadmissible. Justice cannot be administered on any fixed basis, unless parties who join in judicial proceedings are held bound by their joint pleadings. It is indispensable that they should agree in the mode of prosecuting the litigation, and can never be permitted to file separate pleas which place them in an hostile attitude towards each other.
There is no doubt of the right of the heirs to make opposition to the tableau, if they see fit; and we will give them opportunity to do so.
It is ordered that the judgment in this case be reversed. It is further ordered that the petition of Louis Pilié be dismissed and the cause remanded, with leave to the heirs of Hilligsberg to make opposition to the tableau filed in this case, and with directions to the district judge not to permit the executors to amend their pleadings by filing separate pleas. It is farther ordered, that the costs of this appeal be paid by the succession of Hilligsberg.